IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PENNY LYONS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. SAG-16-3322 |
| SHOPPERS FOOD WAREHOUSE CORP., *et al.* | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Pending before this court is a motion for summary judgment filed by Defendants Shoppers Food Warehouse Corp. and SUPERVALU INC. ("Defendants"), [ECF No. 21], Plaintiff Penny Lyons's ("Plaintiff's") opposition, [ECF No. 22], and Defendants' Reply, [ECF No. 23]. No oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Defendants' motion will be GRANTED.

**I.   BACKGROUND**

On September 6, 2013 at approximately 10:00pm, Plaintiff, Plaintiff's husband Alfred Lyons, Sr. ("Lyons, Sr."), and Plaintiff's son Alfred Lyons, Jr., were shopping at Shoppers Food Warehouse ("Shoppers") at Mondawmin Mall in Baltimore City. Penny Lyons Dep. at 31. About five minutes after entering the store, Plaintiff was pushing a shopping cart when she made a left-turn down an aisle, walked a few feet, and slipped and fell in a clear liquid substance on the floor.[1] *Id.* at 31, 33. Before falling, Plaintiff did not see water on the floor, nor did anyone tell her they saw water on the floor. *Id.* at 45, 46. After falling, however, Plaintiff observed a

---

[1] In their respective depositions, Plaintiff and her husband referred to the substance on the floor as "water." *See* Pl. Dep. *passim*; Alfred Lyons, Sr. Dep. at 9-10.

trail of water "coming from the freezer part" of the aisle.[2] *Id.* at 36, 37. Plaintiff did not see any footprints or cart marks tracking water on the floor. *Id.* at 37. Plaintiff did not see water leaking from a nearby coffin cooler, she never inspected the coffin cooler, and nobody told her the coffin cooler was leaking. *Id.* at 45. Plaintiff does not know how the water got on the floor, and she does not know how long it was on the floor before she fell. *Id.* at 46. When Plaintiff got up, her clothes were "really wet." *Id.* at 78. She saw "a wet-floor sign like down where the beginning of the trail of the water was." *Id.* Plaintiff estimated that the wet-floor sign, standing near the coffin cooler, was fourteen to twenty feet from where she fell. *Id.* at 79. Plaintiff did not know why the wet-floor sign had been placed there. *Id.* Lyons, Sr. "believe[d] that the sign may have been there for some time because of the trail of the distance of the water." Lyons, Sr. Dep. at 10.

Plaintiff is suing Defendants for negligence and is seeking $695,000 in damages for the "severe pain and permanent injuries" she suffered as a result of this incident. Pl.'s Compl., [ECF No. 2, 2-4].

## II.  STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* When reviewing a

---

[2] Plaintiff also stated that she did not know whether the trail of water began at a refrigeration unit, but that she "assumed" it did because she walked past the end of a coffin cooler before falling, and because the water on the floor trailed behind her in the direction of the coffin cooler. Pl.'s Dep. at 38, 43, 45.

motion for summary judgment, the court must take all facts and inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

While the party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). The non-movant "'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)); *see also Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970). A court should enter summary judgment when a party fails to make a showing sufficient to establish elements essential to a party's case, and on which the party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

Since the alleged tort and resulting injury occurred in Maryland, the Court applies Maryland law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Branhaven, LLC v. BeefTek, Inc.*, 965 F. Supp. 2d 650, 664 (D. Md. 2013) ("When a claim is based on state law, the choice of law rules are those of the state in which the district court sits."); *Lab. Corp. of America v. Hood*, 911 A.2d 841, 845 (Md. 2006) (holding that, in a tort action, Maryland applies the law of the state where the injury occurred).

### III. DISCUSSION

Under Maryland law, "a proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in reasonably safe condition, and he will be held liable for

injuries sustained by a customer in consequence of his failure to do so." *Moulden v. Greenbelt Consumer Services, Inc.*, 210 A.2d 724, 725 (Md. 1965). However, the proprietor "is not an insurer of the safety of his customers while they are on the premises and no presumption of negligence on the part of the owner arises merely from a showing that an injury was sustained in his store." *Id.*; *Giant Food, Inc. v. Mitchell*, 640 A.2d 1134, 1135 (Md. 1994); *Rawls v. Hochschild, Kohn & Co.*, 113 A.2d 405, 408 (Md. 1955). Consequently, to establish a *prima facie* case of negligence, Plaintiff must demonstrate that the proprietor "created the dangerous condition or had actual or constructive knowledge of its existence." *Lexington Market Authority v. Zappala*, 197 A.2d 147, 148 (Md. 1964); *Rawls*, 113 A.2d at 408. Additionally, Plaintiff has "the further responsibility of producing evidence that the dangerous condition had existed for a sufficiently long period of time for [Defendants or their] employees to correct it or to warn [their] invitees." *Keene v. Arlan's Department Store of Balt. Inc.*, 35 Md. App. 250, 258 (1977).

Plaintiff adequately establishes, and Defendants do not dispute, that there was water on the floor prior to the incident. *See* Penny Lyons Dep. at 36-37, 45-46 & 78; Lyons, Sr. Dep. at 9-10. Having successfully established the existence of a dangerous condition, Plaintiff argues that, "Defendants had [actual] knowledge of the leaky refrigeration unit … [as] demonstrated by the wet floor sign near [said] unit and the trail of water." Pl.'s Opp., [ECF No. 22, 3-4]. While Plaintiff avers that Defendants "were aware the refrigeration unit was leaking water[,]" *id.* at 5, this factual claim is not supported in evidence. In her deposition, Plaintiff denied observing water leaking from the refrigeration unit, inspecting the refrigeration unit, or being told by anyone that the refrigeration unit was leaking. Penny Lyons Dep. at 45. Lyons, Sr. also cannot identify the refrigeration unit as the source of the water. *See* Lyons, Sr. Dep. at 9-10. Plaintiff's theory, then, requires that an impermissible inference be drawn between the refrigeration unit

and the wet-floor sign nearby, s*ee Burwell v. Easton Memorial Hospital*, 577 A.2d 394, 395 (Md. App. 1989) (limiting the inferences permitted in premise liability cases to "'*reasonable ones*'") (quoting *Clea v. City of Baltimore*, 541 A.2d. 1202 (Md. 1988) (emphasis in original)), despite Plaintiff conceding that she did not know why the wet-floor sign had been placed in the aisle. Penny Lyons Dep. at 79. The water could just as easily have come from a drink spilled by a customer as a leaky cooler.

Still, viewed in the light most favorable to Plaintiff, the wet-floor sign "near the beginning of the trail of water[,]" Penny Lyons Dep. 78, indicates that Defendants knew that there was water on the floor and put up a wet-floor sign to warn customers.[3] The question, then, becomes whether Defendants nevertheless "failed to exercise reasonable care to protect [Plaintiff] against the danger." *Maans v. Giant of Maryland, L.L.C.*, 871 A.2d 627, 631 (Md. App. 2005) (citations omitted). *See Rehn v. Westfield Am., et al.*, 837 A.2d 981, 984 (Md. App. 2003) (citations omitted) ("When another patron creates the danger, the proprietor may be liable if it has actual notice and sufficient opportunity to either correct the problem or warn its other customers about it."). According to the Court of Special Appeals of Maryland,

> [w]hether there has been sufficient time for a business proprietor to discover, cure, or clean up a dangerous condition depends on the circumstances surrounding the fall... '[and] involves consideration of the nature of the danger, the number of persons likely to be affected by it, … the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions.'

*Id.* In this regard, Plaintiff fails to offer any credible evidence suggesting that Defendants breached their duty of care under these circumstances. Plaintiff contends that "[p]lacing a wet sign up without periodically checking to see if the problem is worsening[] evidences Defendants

---

[3] Accordingly, Defendants' argument that constructive knowledge is the only theory of notice upon which Plaintiff may rely is flawed. *See* Def.'s Mot., [ECF No. 21 at 7]. The placement and proximity of the wet-floor sign to the trail of water signals actual knowledge by Defendants of a hazard necessitating warning to customers.

failure to exercise due care." Pl.'s Opp., [ECF No. 22, 6]. Yet, Plaintiff introduces no evidence to support this allegation. Indeed, unlike many slip-and-fall cases in business settings, Plaintiff does not offer cleaning logs, custodial policy, or employee testimony from which reasonable inferences could be drawn to determine whether liability should attach. *See, e.g., Moulden,* 210 A.2d at 725 (discussing a store manager's testimony regarding the store's custodial cleaning schedule); *Carter v. Shoppers Food Warehouse MD Corp.*, 727 A.2d 958, 961 (Md. App. 1999) (discussing a store manager's testimony regarding the store's "daily floor sweep log[]" generally and on the day in question); *Myers v. TGI Friday's, Inc.*, 2007 WL 4097498 at *3-*4 (D. Md. Nov. 9, 2007) (discussing the defendant-store's cleaning schedule and policy regarding spills, as well as employee testimony regarding the area where the slip-and-fall occurred); *Okoh v. Costco Wholesale Corp.*, 2012 WL 1191041 at *1 (D. Md. Apr. 6, 2012) (discussing the defendant-store's "cleaning inspection log" and crowd-size at the store at the time of the accident); *King v. Washington Metropolitan Area Transit Authority*, 2016 WL 8716253 at *1-*2 (D. Md. Feb. 26, 2016) (discussing steps taken by defendant-station managers to perform station checks according to WMATA standard operating procedure prior to and after opening the station on the day of the accident). Plaintiff offers no evidence about which employee put up the wet-floor sign, when, or why. Plaintiff's attempt to demonstrate the severity and duration of the dangerous condition through alternating claims that "the refrigeration unit had leaked for a significant period of time or leaked profusely as evidenced by the wetness of [Plaintiff's] clothes and the trail of water[,]" Pl.'s Opp., [ECF No. 22, 6], and Plaintiff's husband's "belie[f] that the wet sign may have been there for some time because of the trail of the distance of the water[,]" Lyons, Sr. Dep. at 10, amounts to little more than guesswork. *See Moulden*, 210 A.2d at 232 ("The evidence is legally sufficient to warrant submission of a case to the jury if it rises above speculation or

conjecture[.]")  Where it is equally possible that an employee put up a wet-floor sign an hour before and never returned to check on the hazard, as it is that an employee put up a wet-floor sign moments before and went to retrieve cleaning equipment when Plaintiff slipped and fell, a trier of fact cannot find that Defendants failed to exercise ordinary care.  *See Myers*, 2007 WL 4097498 at *7 (reasoning that, where multiple explanations for the cause-in-fact of a dangerous condition are equally likely, "no reasonable juror could find by a preponderance of the evidence that [defendant] created the dangerous condition[]").  *See also Rehn*, 837 A.2d at 983 & 985-88 (finding reasonable care where a defendant-employee was told of a spilled drink, immediately reported it to cleaning personnel, but the accident occurred within four minutes of the spill and before the cleaning crew arrived on scene).

      Furthermore, *Moulden*, while factually distinguishable from the instant case, does not support submitting Plaintiff's case to the jury.  *See* Pl.'s Opp., [ECF No. 22, 7-8].  Unlike *Moulden*, where there was no evidence that the defendant-store proprietor discovered the dangerous condition ahead of the accident, *Moulden*, 210 A.2d at 726, here the wet-floor sign supports the rational inference that Defendants saw or anticipated a hazard requiring customer warning.  However, no other legitimate inferences may be deduced from the evidence Plaintiff has supplied.  *See Moulden*, 210 A.2d at 726 (asking a trial judge "to assume the truth of all the evidence and all inference which may be *naturally and legitimately deduced from it* which tend to support plaintiff's right to recover in considering whether there is any evidence legally sufficient to warrant a finding of negligence.") (emphasis added).  As discussed above, a wet-floor sign and water on the floor does not signal a faulty coffin cooler; a trail of water does not offer insight into rate of leakage or time on the floor; and all of the above evidence does not indicate that Defendants failed to appropriately and diligently respond to a dangerous condition –

even one which regrettably led to Plaintiff's injury.  *See Burwell*, 577 A.2d at 395 (rejecting plaintiff's attempt to overcome summary judgment on appeal by relying upon separate factual bases "'combined with the most favorable inferences deducible therefrom'" where none of the inferences were reasonable); *Okoh*, 2012 WL 1191041 at *2 (noting that "a party cannot create a genuine dispute of material fact 'through mere speculation or the building of one inference upon another.'") (citations omitted).

Based on the above analysis and the applicable case law, Plaintiff has not evidenced a genuine dispute of material fact on each element for which she bears the burden of proof and, accordingly, summary judgment is appropriate.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is GRANTED.  A separate order will be filed herewith.


Dated:  July 24, 2017                                       /s/
                                                  Stephanie A. Gallagher
                                                  United States Magistrate Judge